APR 18 1973

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE AIR CRASH DISASTER NEAR )
PELLSTON, MICHIGAN, ON MAY 9, )   DOCKET NO. 125
1970                           )

OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM *,
EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER,
JOSEPH S. LORD, III *, AND STANLEY A. WEIGEL, JUDGES OF
THE PANEL

PER CURIAM

On May 9, 1970, a Lear jet aircraft operated by Executive Jet Aviation, Inc., crashed on approach to landing at Pellston, Michigan, fatally injuring both crew members and all four passengers. Three actions arising out of the crash have been filed in the Eastern District of Michigan and two in the Eastern District of Pennsylvania. Executive Jet moves the Panel for transfer of the two Pennsylvania actions to the Eastern District of Michigan for coordinated or consolidated pretrial proceedings. We find that such proceedings will serve the convenience of the parties and witnesses and will promote the just and efficient conduct of the litigation, but we have concluded that the Eastern District of Pennsylvania is the most appropriate transferee forum.

---

\* Although Judges Wisdom and Lord were unable to attend the Panel hearing, they have, with the consent of all parties, participated in this decision.

The Pennsylvania actions and two of the Michigan actions are wrongful death actions for damages resulting from deaths of the passengers.[1] The other Michigan action is for damages to the aircraft and is brought by an insurance company, as subrogee of Executive Jet. Each plaintiff alleges that the crash was caused by either pilot error, a defective altimeter, a defect in the design or construction of the aircraft, negligence of the Government, or some combination thereof. All parties agree that questions of fact pertinent to the issues of liability are common to each action. Nevertheless, plaintiffs seeking recovery of damages resulting from deaths of the passengers oppose transfer.

Plaintiffs in the Stonorov actions in Pennsylvania argue that they have already accomplished a great deal of discovery through document production, depositions, interrogatories and requests for admission. They contend that they are so close to trial that they could not possibly benefit from coordinated or consolidated pretrial proceedings. Plaintiffs in the Bluestone action in Michigan argue that duplication of discovery will occur regardless of consolidation or coordination because they did not participate in the discovery already taken in the Stonorov actions. And they assert that since they have settled with defendant Executive Jet the emphasis in their action will be different from the other cases.

We find, however, that the facts bearing on the issues

---

[1] The following parties are involved as either defendants or third-party defendants in each of these actions: Executive Jet Aviation, Inc.; United States; Gates-Lear Jet, Inc.; Instrument & Flight Research, Inc.; and Col-Aire, Inc.

- 3 -

of liability are common to each action[2/] and that transfer of this litigation to a single district for coordinated or consolidated pretrial proceedings will eliminate the possibility of duplication of discovery and avoid unnecessary inconvenience to the parties and witnesses. Although plaintiffs in Stonorov may be ready for trial, defendants insist that they have a lot of discovery to complete before trial and that discovery will be relevant to the Michigan actions. In addition, by consolidating these actions before a single judge the discovery already completed in Stonorov can be made available to the Michigan plaintiffs, even though they did not participate in that discovery. See Manual for Complex Litigation, Part I, §3.11 (rev. ed. 1973).

Because of the advanced stage of preparation of the Stonorov actions pending in the Eastern District of Pennsylvania, that district is the most appropriate transferee forum for this litigation. A significant amount of discovery has already been completed in the Stonorov actions and the court's familiarity with the issues raised will enable it to expeditiously process any remaining discovery. In re Air Crash Disaster Near Atlantic City, New Jersey, on July 26, 1969, F. Supp. (J.P.M.L., filed January 8, 1973). In addition, no party has expressed any desire to depose any of the "eyewitnesses" or government witnesses who have not already been deposed. And the only other witnesses important to the claims alleged

---

[2/] Even though plaintiffs in Bluestone have settled with Executive Jet, the other defendants in that action have filed a third-party action against Executive Jet which will involve questions of fact common to the other actions.

- 4 -

in this litigation are located at the principal places of business of the defendant corporations involved, none of which are within the Eastern District of Michigan.

Furthermore, the transfer of the related Michigan cases to the Eastern District of Pennsylvania will permit the transferee court to proceed to early trial with the Stonorov actions, if they are ready for trial first.  The result of an early trial of those actions may advance the date of termination of the remaining actions.

IT IS THEREFORE ORDERED that the actions on the attached Schedule A pending in the Eastern District of Michigan be, and the same hereby are, transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable A. Leon Higginbotham, Jr., pursuant to 28 U.S.C. §1407 for coordinated or consolidated pretrial proceedings with the actions pending in that district.

SCHEDULE A                                              DOCKET NO. 125

### EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Martha J. Wolfman, etc. v. Executive Jet Aviation, Inc., et al. | Civil Action No. 38277 |
| Irving J. Bluestone, etc. v. Gates-Lear Jet, Inc., et al. | Civil Action No. 38253 |
| Federal Insurance Co., etc. v. Col-Air, Inc., a/k/a Col-Aire, Inc., et al. | Civil Action No. 38264 |

### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Elizabeth Foster Stonorov, etc. v. Executive Jet Aviation, Inc., et al. | Civil Action No. 71-1091 |
| Elizabeth Foster Stonorov, etc. v. United States of America | Civil Action No. 72-784 |